# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| JOHN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 20-1132-JDT-cgc |
| | ) | |
| JOHN BORDON, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

---

## ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

---

On June 15, 2020, John Taylor, a prisoner acting *pro se*, filed a civil complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The complaint concerns events that occurred while Taylor was previously confined at the Hardeman County Correctional Facility (HCCF) in Whiteville, Tennessee. He sues Dr. John Bordon, the HCCF Medical Director; Correctional Officer (C/O) First Name Unknown (FNU) Neal; and C/O FNU Stewart.

Taylor asserts he suffers from seizures if he does not take his prescribed medications. He alleges that on March 18, 19, 21, and 22, 2020, "Medical" at the HCCF did not provide his medications, which caused him to have a seizure on March 23. (ECF No. 1 at PageID 4.) Though he was given his medications after that seizure, he alleges he had another seizure the next day "because of the lack of medication." (*Id.*) Taylor alleges he filed a grievance on March 21, to which Defendant Bordon responded by stating he would discuss with all medical department staff

"the importance of inmates receiving their meds and actions to take when challenges occur that may impact passing out meds." (*Id.*)

Taylor alleges he again did not receive his medications on April 16 and 17, causing him to have another seizure. (*Id.* at PageID 5.) On April 17 he "tried to contact" Defendant Stewart, who was working in the control booth, but she "shooed [him] away from the window and basically refused to contact medical at the time." (*Id.*) Taylor's cellmate allegedly then told Defendant Neal that Taylor was going to have a seizure. (*Id.*) Neal said she would check when she finished her rounds, but "no sooner did she leave I had a seizure and she came running back to see what was wrong." (*Id.*) Taylor states he filed another grievance but had not received a response when the complaint was filed. (*Id.*) He alleges "Medical" acted with deliberate indifference to his serious medical needs. (*Id.* at PageID 4.) Taylor also alleges his memory worsens each time he has a seizure and fears he will "have a seizure and end up hurting myself or possibly someone else." (*Id.* at PageID 5.) He seeks monetary damages. (*Id.* at PageID 5-6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

> (2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-

pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).   Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations."  *Iqbal*, 556 U.S. at 679.   Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P.  8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed."  *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Taylor filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements:  (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

3

To the extent Taylor seeks to sue the Defendants in their official capacities, such claims are treated as claims against their employer, CoreCivic, which manages the HCCF.[1]  However, Taylor does not state a claim against CoreCivic.  "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)).  The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food services to prisoners.  *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018).  CoreCivic "cannot be held liable under a theory of respondeat superior."  *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011).  To prevail on a § 1983 claim against CoreCivic, Taylor must show that the alleged deprivation of his rights was due to a policy or custom of the company.  *Id.*  Taylor, however, does not allege that his injuries are the result of an unconstitutional policy or custom of CoreCivic.  He therefore fails to state a claim against the Defendants in their official capacities.

As to Taylor's individual capacity claims, the Court reviews allegations regarding the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain'" . . . proscribed by the Eighth Amendment."  To

---

[1] *See* https://www.tn.gov/correction/sp/state-prison-list/hardeman-county-correctional-facility.html ("Hardeman County Correctional Facility is owned by the Hardeman County Correctional Facilities Corporation, which contracts with CoreCivic for management of the prison.").

state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.  That is, an Eighth Amendment claim consists of both objective and subjective components.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298.

The objective component of a medical care claim requires that a prisoner have a serious medical need.  *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994).  "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'"  *Blackmore*, 390 F.3d at 897.  The subjective component requires that jail officials acted with the requisite intent—i.e.,— had a "sufficiently culpable state of mind."  *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show that prison officials acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009).  "[D]eliberate indifference describes a state of mind more blameworthy than negligence."  *Farmer*, 511 U.S. at 835.  A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards that risk.  *Id.* at 837.

Of the three Defendants named in this case, only Defendant Bordon is a medical provider. However, the sole factual allegation regarding Bordon is that, in his role as the Medical Director at the HCCF, he responded to Taylor's grievance by stating he would remind all medical staff of the importance of inmates receiving their medications.  There is no suggestion that Bordon was personally involved in any failure to provide Taylor with his medicine.

Supervisors such as Bordon generally may be liable under 42 U.S.C. § 1983 only if they "encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  "At a minimum," Taylor must show that Bordon "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates."  *Id.*  A supervisory official, who is aware of the unconstitutional conduct of his subordinates, but fails to act, generally cannot be held liable in his individual capacity.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006).  In addition, a failure to take corrective action in response to an inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability.  *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the [constitutional]  violation.  A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not."). Thus Taylor does not state an Eighth Amendment claim against Bordon for lack of medical care.

Taylor generally complains that "Medical" acted with deliberate indifference, but he identifies no other individuals who were responsible for the failure to provide his medications. Defendants Neal and Stewart are identified as Correctional Officers, and there is no allegation either had the authority to give Taylor his medication or direct the medical department to do so. Instead, Taylor alleges these Defendants failed to protect him and did not respond properly when told he was about to suffer a seizure.

Defendant Stewart, who was in the control booth on April 17, allegedly "shooed" Taylor away from the window when he tried to get her attention and "basically refused to contact medical at the time."  (ECF No. 1 at PageID 5.)  Taylor had a seizure "about ten minutes later."  (*Id.*)  He

does not, however, specify what he said or did that should have alerted Stewart he was about to have a seizure that could pose an excessive risk to his health or safety. He thus fails to state an Eighth Amendment claim against Defendant Stewart.

As for Defendant Neal, she allegedly did not act immediately to call the medical department when Taylor's cellmate told her Taylor was "going to have a seizure," instead saying she would check on him when she finished her rounds. (*Id.*) Taylor also alleges, however, that the seizure began as soon as Neal left and that she "came running back to see what was wrong." (*Id.*) He does not contend Neal could have done anything to prevent the seizure or that anyone from the medical department could have arrived during that short time period. Accordingly, Taylor also fails to state an Eighth Amendment claim against Defendant Neal.

For all of these reasons, Taylor's complaint is subject to dismissal for failure to state a claim on which relief may be granted.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court concludes that Taylor should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Taylor's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Leave to amend, however, is GRANTED.  Any amendment must be filed within twenty-one days after the date of this order, on or before **February 12, 2021**.

Taylor is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleadings.  The text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each defendant sued in that count.  If Taylor fails to file an amended complaint within the time specified, the Court will dismiss the case with  prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

         s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE